# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| VICKY LYNN COCKRUM, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:20-CV-03371-DGK |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Vicky Lynn Cockrum's application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of fibromyalgia; degeneration of the cervical, thoracic, and lumbar spines; carpal tunnel syndrome; cervical neuropathy; chronic obstructive pulmonary disease; and generalized anxiety disorder. The ALJ then found that Plaintiff retained the RFC to perform her past relevant work as a day worker, and thus was not disabled within the meaning of the Social Security Act.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for supplemental security income on May 17, 2018, alleging a disability onset date of December 31, 2007. Plaintiff later amended her application to allege a disability onset date of May 17, 2018. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on August 23, 2019, and on January 23, 2020. On March 26, 2020, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on September 22, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence.

RFC is defined as the most a claimant can still do despite his physical or mental limitations. *See* 20 C.F.R. § 416.945(a)(1). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).

Ultimately, the ALJ held Plaintiff retained the RFC

> to perform light work as defined in 20 CFR 416.967(b) except the claimant can lift and carry 20 lbs. occasionally, 10 lbs. frequently; stand and/or walk 6 hours in an 8-hour workday; sit 6 hours in an 8-hour workday; can frequently push/pull with bilateral upper and lower extremities; no climbing ladders, ropes or scaffolding; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; can perform frequent overhead reaching, frequent handling, fingering, and feeling with the bilateral upper extremities; must avoid concentrated exposure to vibrations, temperature extremes, humidity/wetness, and

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

> pulmonary irritants, such as chemicals, fumes, dust, and gases; must avoid hazards, such as unprotected heights and dangerous moving machinery; can perform simple, routine, repetitive tasks in other than fast paced production environments, requiring no more than occasional contact with the general public and occasional, superficial interaction with coworkers and supervisors.

R. at 16.

## I. The ALJ did not err in determining Plaintiff's RFC.

Plaintiff argues that the ALJ erred in determining her RFC because he failed to provide a narrative discussion regarding Plaintiff's alleged need to frequently change positions. Pl. Br. at 9–14, ECF No. 11.

The ALJ is required to provide a narrative discussion, citing specific evidence, which describes how he arrived at each conclusion. SSR 96-8p, 1996 WL 374184 at *7 (July 2, 1996). By not including Plaintiff's alleged need to shift positions as a limitation in the RFC, the ALJ implicitly concluded that Plaintiff was not limited in such a manner. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003). However, the ALJ is not required to list specific evidence to support each conclusion in the RFC. The Eighth Circuit long ago held that an ALJ complies with SSR 96-8p even if he does not make explicit findings with respect to each functional limitation. *See id.* Further, it recently made clear that the Court "reviews the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but does not require an ALJ to mechanically list and reject every possible limitation." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011)). Not only has the Eighth Circuit roundly rejected this argument multiple times, but this Court has done so on numerous occasions. *See Menter v. Kijakazi*, No. 6:20-CV-003198-DGK-SSA, 2022 WL 188146, at *2 (W.D. Mo. Jan. 20, 2022); *Vansel v. Saul*, No. 4:19-CV-00777-DGK, 2020 WL 6930109, at *3 (W.D. Mo. Nov. 24, 2020); *Dungan v. Saul*, No. 4:19-CV-00380-DGK, 2020 WL 4015475, at *3 (W.D. Mo. July 16, 2020). Requiring the ALJ to list specific evidence to support

4

each conclusion in the RFC would be "inconsistent with the standard of review which mandates the court's decision be based on all of the relevant evidence." *Doherty v. Colvin*, No. 4:13-0656-DGK-SSA, 2014 WL 3530898, at *3 (W.D. Mo. July 16, 2014) (citation omitted). "Imposing such a requirement would result in ALJs writing longer decisions containing duplicative discussions of the evidence, an exercise which would increase the amount of time it takes to write a decision without improving the quality of the decision." *Id.*

Further, the RFC is consistent with Plaintiff's testimony, as she twice testified that she was able to sit for an hour at a time. R. at 60, 82. In addition, Plaintiff stated that she was able to drive and ride in cars. R. at 52, 312. The RFC is also consistent with the objective evidence. A physical exam performed by Jennifer Troyer, MSM NP-C, in September 2019 noted that Plaintiff had a steady gait, normal strength, normal reflexes, normal sensation, no difficulty ambulating, and had no clubbing, cyanosis, or edema. R. at 733. In addition, imaging of Plaintiff's spine taken in July 2019 noted that, while Plaintiff had moderate to marked degenerative disc disease at C5-6, she had only "very mild" discogenic changes at other cervical levels and her thoracic levels showed only mild diffuse thoracic degenerative disc disease. R. at 562. As such, the ALJ's RFC is supported by substantial evidence on the record as a whole.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 4, 2022                    /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT